Albert V. Grinis and Edith B. Grinis v. Commissioner.
Grinis v. Commissioner
Docket 2739-69 "SC".
United States Tax Court
T.C. Memo 1970-94; 1970 Tax Ct. Memo LEXIS 264; 29 T.C.M. (CCH) 452; T.C.M. (RIA) 70094; April 27, 1970, Filed *264 Albert V. Grinis, pro se, 20 W. 621 Glen Ct., Lombard Ill., Robert T. Hollohan, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1967 in the amount of $327.44. At the trial respondent coneeded that his disallowance to the extent of $894.74 of petitioners' claimed deduction for taxes was in error, leaving for our decision only 453 the issue of whether petitioners are entitled to a deduction for charitable contributions in excess of the amount of $52 allowed by respondent. Findings of Fact Petitioners, husband and wife who resided in Lombard, Illinois at the date of the filing of the petition in this case, filed their joint Federal income tax return for the calendar year 1967 with the district director of internal revenue at Chicago, Illinois. For the first 6 weeks of 1967 petitioners and their four children attended Christ the King Catholic Church in Lombard, Illinois. In about mid-February 1967 they transferred to the Sacred Heart Catholic Church in Lombard, Illinois because they thought the school was better for their children. Petitioners *265 and their children attended church every Sunday in 1967. Each Sumday, petitioner Albert V. Grinis would take an amount equal to his earnings for 2 hours work but not less than $10, distribute some of it to the other members of his family and he and his family would put the amount into the collection plate at church. When there was a special collection for missions or some other specific project of the church, petitioners would contribute an additional amount of $1 to $3 and on one occasion in 1967 gave over $5 to the mission collection. Mission collections are taken at least four times a year and in addition collections are taken for the Bishop's relief. During 1967 petitioners' daughters belonged to the Girl Scouts. Petitioners gave $5 to the Girl Scouts and $5 to the Boy Scouts in 1967. A collection for "Red Feather," a Community Chest Charity, was taken at the place where Albert V. Grinis worked and he contributed $5 in 1967. In 1967 petitioners gave used clothing and a baby crib to Goodwill Industries. The clothes and crib were in good condition. Petitioners on their Federal income tax return for 1967 deducted the following amounts as charitable contributions: Sacred Heart Church
$540.00
Christ the King Church
60.00
Goodwill Industries
215.00
Red Feather
5.00
Girl Scouts
5.00
Boy Scouts
5.00
*266 Respondent in his notice of deficiency disallowed $778 of petitioners' claimed deductions for charitable contributions for lack of substantiation. Opinion The issue here is purely factual. Based on the testimony of petitioner Albert V. Grinis we have concluded that petitioners contributed at least $540 to Catholic churches in 1967 and that they contributed $5 to the Girl Scouts, $5 to the Boy Scouts and $5 to the Red Feather Campaign. While the testimony shows the type of items given to Goodwill Industries by petitioners, it does not show the fair market value of these items. However, it is clear that these items had some fair market value. Petitioners argued that the crib they gave to Goodwill Industries was in excellent condition without a "scratch on it." Using our best judgment based on the evidence in the record, we have concluded that the fair market value of the items which petitioner gave to Goodwill Industries in 1967 was $25. We therefore conclude that petitioners are entitled to deduct $580 as charitable contributions in 1967 which is $528 in excess of the deduction for such contributions allowed by respondent. Decision will be entered under Rule 50.